| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |
|---|---|

REGINA TEPLOW, Individually and On Behalf of All Others Similarly Situated, §§§§§§§§§§§

    *Plaintiff(s)*,

v.

ELEVATING SALES CORP.,

    *Defendant(s)*.

No. _____

## PLAINTIFF REGINA TEPLOW'S ORIGINAL COMPLAINT

Plaintiff Regina Teplow (referred to as "Teplow") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and/or former employees of Defendant Elevating Sales Corp. (referred to as "ESC") who were employed as project managers and who were misclassified as independent contractors during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. Teplow's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. ESC violated the FLSA by employing Teplow and other similarly situated employees "for a workweek longer than forty hours [while refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. ESC willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6. Teplow brings this action under 29 U.S.C. § 216(b) individually and on behalf of all similarly situated current and/or former employees of ESC (defined below) to recover back wages, liquidated damages, attorney's fees and costs under the FLSA.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8. Venue is proper in this district and division because a substantial part of the events or omissions giving rise to Teplow's claim occurred in this district and division. 28 U.S.C. § 1391(b)(2).

### III. Parties

9. Teplow is an individual who resides in Harris County, Texas and who was employed by ESC during the last three years.

10. ESC is a California corporation that transacts business in Texas without being registered as required by Tex. Bus. Org. Code ch. 9 and may, therefore, be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11. An allegation that ESC committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of ESC or was done in the normal course and scope of employment of ESC's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

12. ESC is a logistics business.

13. ESC does business in the territorial jurisdiction of this Court.

14. ESC employed Teplow from August 16, 2019, to March 29, 2023.

15. ESC employed Teplow as a project manager.

16. As a project manager, Teplow was responsible for managing various aspects of projects.

17. During Teplow's employment with ESC, she was engaged in commerce or in the productions of goods for commerce.

18. During Teplow's employment with ESC, the company had employees engaged in commerce or in the production of goods for commerce.

19. During Teplow's employment with ESC, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20. During Teplow's employment with ESC, the company had an annual gross volume of sales made or business done of at least $500,000.

21. ESC paid Teplow on an hourly basis.

22. ESC paid Teplow at the rate of $34.75 per hour.

23. ESC paid Teplow on a weekly basis by direct deposit.

24. During Teplow's employment with ESC, she regularly worked in excess of forty hours per week.

25. ESC knew or should have known that Teplow worked in excess of forty hours per week.

26. ESC did not pay Teplow for the hours she worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which [s]he [was] employed." 29 U.S.C. § 207(a)(1).

27. Instead, ESC paid Teplow at the same rate of pay for all of the hours she worked.

28. Teplow was not exempt from the maximum hour requirements of the FLSA.

29. As a project manager, Teplow's primary duties were nonexempt.

30. As a project manager, Teplow's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

31. As a project manager, Teplow did not, in performing her primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

32. As a project manager, Teplow was, instead, required to follow ESC's policies, practices and procedures.

33. As a project manager, Teplow did not have any independent authority to deviate from ESC's policies, practices and procedures.

34. ESC knew or should have known that Teplow was not exempt from the maximum hour requirements of the FLSA.

35. ESC willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

36. During Teplow's employment with ESC, the company did not maintain accurate time and pay records for Teplow as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

37. During Teplow's employment with ESC, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

38. ESC continued the pay practice(s) complained of by Teplow without investigation after being put on notice that the pay practice(s) violated the FLSA.

39. ESC has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

40. Prior to this lawsuit, ESC conducted one or more internal investigations which revealed violations similar to the one(s) complained of by Teplow.

41. Because ESC willfully violated the FLSA, the company is liable to Teplow for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

42. As a result of the FLSA violation(s) described above, ESC is liable to Teplow for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

43. All project managers employed by ESC during the last three years are similarly situated to Teplow because (1) they have similar job duties; (2) they regularly worked or work in excess of forty hours per week; (3) they were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) they are entitled to recover back wages, liquidated damages and attorney's fees and costs from ESC under 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

44. Teplow adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

45. During Teplow's employment with ESC, she was a nonexempt employee.

46. As a nonexempt employee, ESC was legally obligated to pay Teplow "at a rate not less than one and one-half times the regular rate at which [s]he [s][was] employed[]" for the hours she worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

47. ESC did not pay Teplow "at a rate not less than one and one-half times the regular rate at which [s][s]he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

48. Instead, ESC paid Teplow at the same rate of pay for all of the hours she worked.

49. If ESC classified Teplow as exempt from the maximum hour requirements of the FLSA, she was misclassified.

50. As a result of the FLSA violation(s) described above, ESC is liable to Teplow for back wages equal to the difference between what the company should have paid and what it actually paid.

### VI. Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

51. Teplow adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

52. ESC willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

53. Because ESC willfully violated the FLSA, the company is liable to Teplow for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

### VII. Count Three—
### Collective-Action Allegations Under 29 U.S.C. § 216(b)

54. Teplow adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

55. On information and belief, other employees of ESC have been victimized by the FLSA violation(s) described above.

56. These employees are similarly situated to Teplow because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

57. ESC's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the members of the Overtime Collective (defined below).

58. Since Teplow's experiences are typical of the experiences of the members of the Overtime Collective (defined below), collective-action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

59. For these reasons and in accordance with 29 U.S.C. § 216(b), Teplow requests that the Court authorize notice regarding the pendency of this case and the right to join it to the following collective(s):

> All project managers employed by ESC during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid at the same rate of pay for all of the hours they worked (the "Overtime Collective").

60. ESC is liable to Teplow and the members of the Overtime Collective for back wages equal to the difference between what the company should have paid and what it actually paid.

61. Teplow has retained competent and capable attorneys who are experienced trial lawyers with significant experience in complex employment litigation (including class actions, collective actions, and multidistrict litigation); Teplow and her counsel are committed to prosecuting this action vigorously on behalf of her and the members of the Overtime Collective, have the financial resources to do so and do not have interests that are contrary to or that conflict with those of the proposed collective(s).

## VIII.  Count Four—
## Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

62. Teplow adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

63. Teplow is authorized to recover liquidated damages on her claims by statute. 29 U.S.C. § 216(b).

64. Teplow is authorized to recover attorney's fees and costs on her claims by statute. 29 U.S.C. § 216(b).

65. Teplow has retained the professional services of the undersigned attorneys.

66. Teplow has complied with the conditions precedent to recovering attorney's fees and costs.

67. Teplow has incurred or may incur attorney's fees and costs in bringing this lawsuit.

68. The attorney's fees and costs incurred or that may be incurred by Teplow were or are reasonable and necessary.

69. ESC is liable to Teplow and the members of the Overtime Collective for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX.  Relief Sought

70. Teplow demands the following relief:

    a. an order under 29 U.S.C. § 216(b) authorizing notice regarding the pendency of this case and the right to join it to the Overtime Collective;

    b. an order appointing Teplow representative of the Overtime Collective;

    c. an order appointing MOORE & ASSOCIATES counsel for the Overtime Collective;

    d. an incentive award for Teplow for serving as representative the Overtime Collective if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

    e. judgment against ESC in Teplow's favor both individually and on behalf of the members of the Overtime Collective for back wages, liquidated damages and attorney's fees, plus interest and costs; and

  f. all other relief and sums that may be adjudged against ESC in Teplow's favor both individually and on behalf of the members of the Overtime Collective.

       Respectfully Submitted,

       MOORE & ASSOCIATES
       Lyric Centre
       440 Louisiana Street | Suite 1110
       Houston, Texas 77002-1055
       Telephone: (713) 222-6775
       Facsimile: (713) 222-6739

       By: */s/ Curt C. Hesse*
       Curt Hesse
       Tex. Bar. No. 24065414
       curt@mooreandassociates.net
       Melissa Moore
       Tex. Bar No. 24013189
       melissa@mooreandassociates.net

       **ATTORNEYS FOR PLAINTIFF**